889 F.2d 1084
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Mary F. MARTIN, Plaintiff-Appellant,
v.
MARYLAND DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONAL
SERVICES, Maryland Division of Correction, Maryland
Correctional Institution for Women, Former Warden, Maryland
Correctional Institution for Women, Defendants-Appellees.
 No. 88-2960.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 28, 1989.
Decided Nov. 6, 1989.
 
 Mary F. Martin, appellant pro se.
 Alan Douglas Eason, Stuart Milton Nathan, Office of the Attorney General of Maryland, for appellees.
 Before K.K. HALL, PHILLIPS, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Mary Martin, a former correctional officer in Maryland, appeals from the district court's order denying relief under 42 U.S.C. Secs. 2000e et seq. and 29 U.S.C. Secs. 621 et seq. Our review of the record, including the audiotaped hearing and district court's opinion, discloses that this appeal is without merit.
 
 
 2
 To avoid a directed verdict in her age discrimination claim, Martin must have presented evidence to establish a prima facie case. Under Title VII, 42 U.S.C. Secs. 2000e et seq., and the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621 et seq.,[1] proof of a prima facie case includes a showing that (1) the employee belongs to the protected class, (2) she applied and was qualified for the job for which the employer was seeking applicants, (3) despite her qualifications she was rejected, and (4) age was a factor considered by her employer in not granting the promotion. There must be some evidence age was a determining factor in the employer's decision. Cf. Holmes v. Bevilacqua, 794 F.2d 142, 146-47 (4th Cir.1986) (citing, inter alia, McDonnell Douglas v. Green, 411 U.S. 792 (1973); Lovelace v. Sherwin-Williams Co., 681 F.2d 230 (4th Cir.1982)).
 
 
 3
 The district court in its oral opinion found that Martin offered proof she was in the protected class, she was qualified for the job, and in spite of her qualifications she was rejected. The Age Discrimination in Employment Act was not violated, however, because Martin failed to produce some evidence age was a determining factor in the employer's decision. The district court appropriately directed a verdict for the employer pursuant to Fed.R.Civ.P. 50(a).
 
 
 4
 Similarly, the district court correctly decided Martin's sex discrimination claim. The standard of review in cases where the action is dismissed pursuant to Fed.R.Civ.P. 41(b) is whether the district court's finding is clearly erroneous. Cf. Anderson v. Bessemer City, North Carolina, 470 U.S. 564 (1985). The district court's finding of a failure to present a prima facie case is not clearly erroneous.
 
 
 5
 Under McDonnell Douglas v. Green, 411 U.S. 792 (1973), as applied in Holmes v. Bevilacqua, 794 F.2d 142 (4th Cir.1986), to establish a prima facie case of sex discrimination for failure to promote under Title VII, the employee must show that she was a member of the protected class, she was qualified for the position, she was not promoted despite her qualification and there was some evidence she was not promoted because of her sex. As with Martin's age discrimination claim, the district court correctly found that while she had met the first three requirements, Martin had failed to meet the fourth requirement.
 
 
 6
 Accordingly, we affirm on the reasoning of the district court. Martin v. Maryland Department of Public Safety and Correctional Services, C/A No. 84-423-B (D.Md. Oct. 4, 1988). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.
 
 
 
 [1]
 Because of the comparable remedial purposes of the two acts and the comparable difficulty under both of proving discriminatory motivation, the judicially created proof scheme for Title VII cases is, properly adapted, appropriate for application in ADEA litigation. Lovelace v. Sherwin-Williams Corp., 681 F.2d 230, 239 (4th Cir.1982)